IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWARD JOHNSON,<br><br>                                 Plaintiff,<br>vs.<br><br>SECTOR 10, INC., a corporation,<br>SECTOR 10 HOLDINGS, an unknown business entity; PERICLES DEAVILA, an individual, LARRY MADISON, and individual,<br><br>                                 Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:10CV92 DAK |

      This matter is before the court on (1) Plaintiff's Motion to Compel Discovery and for Sanctions, and (2) Defendants Pericles P. DeAvila and Laurence A. Madison's (the "Individual Defendants") Motion for Protective Order.[1]  In the Individual Defendants' Motion for Protective Order, they simply request that their depositions, which were scheduled for July 26-27, 2012, be moved to a more convenient date in August, 2012.  On July 16, 2012, the Individual Defendants

---

[1] In an attempt to obtain a ruling on his motion, Plaintiff's counsel sent a somewhat hostile letter to several judges, including two judges who have nothing to do with this action. In the letter, Plaintiff's counsel wondered why he could not obtain a ruling on his motion.  Yet, he had never filed a reply brief regarding his motion (which generally signals to the court that the motion is ready to be decided), never sought expedited consideration, and never filed a Request to Submit.  While the court is certainly concerned about delays in deciding motions, counsel may not be aware of the significant caseloads among both the district court judges and magistrate judges.  Fortunately, two new magistrate judges have been appointed in the past two months, but there is bound to be some delay in deciding the motions that were pending in the cases transferred to the new magistrate judges.  In the future, the court requests that counsel follow proper procedure in requesting a ruling on a motion.

had requested a postponement of the depositions, but Plaintiff's counsel refused to accommodate their request because of alleged delays on the part of the Individual Defendants.[2] When their request was denied, the Individual Defendants then notified Plaintiff's counsel that they would not appear, and they filed a Motion for a Protective Order on July 24, 2012. Rather than attempt to reschedule the depositions for a time in August, as suggested by the Individual Defendants, Plaintiff chose to pursue the instant Motion to Compel, which also seeks sanctions.[3]

Having reviewed the briefing related to both motions, the court denies Plaintiff's Motion to Compel and denies the request for sanctions. The Individual Defendants' Motion for a Protective Order is moot. Plaintiff's counsel is directed to schedule a date for the depositions of the Individual Defendants prior to October 19, 2012, after consulting with them about their availability. If the Individual Defendants do not appear for their properly noticed depositions by October 19, 2012, Plaintiff may then file a Motion to Compel and for monetary sanctions.[4] The court is aware that the fact discovery deadline is October 31, 2012. If Plaintiff's counsel needs an extension of that deadline, he may move the court for such an extension..

---

[2] *See* Docket No. 83, Plaintiff's Mem. in Supp. of Mot. to Compel at 2.

[3] In urging the court to enter default judgment as a sanction in the instant case, Plaintiff cites *Stichting Mayflower Mountain Fonds v. City of Park City, Utah*, 441 Fed. Appx. 568 (10th Cir. 2011), a case that was decided by this court. The instant case, however, bears no resemblance to the *Stichting* case.

[4] Plaintiff mentions–but does not seek relief regarding–the Individual Defendants' alleged failure to provide their Initial Disclosures. Plaintiff may file a Motion to Compel regarding the Initial Disclosures if the Individual Defendants have failed to provide the disclosures by October 19, 2012.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel [Docket No. 77] is DENIED.  The Individual Defendants' Motion for Protective Order [Docket No. 81] is MOOT.   The Individual Defendants must appear for their depositions by October 19, 2012, and, if they do not, Plaintiff's counsel may file a Motion to Compel and for sanctions.

DATED this 24th day of September, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge