IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDWARD JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>SECTOR 10, et al.<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:10-cv-00092-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This securities fraud matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). Plaintiff is Edward Johnson ("Plaintiff"). Defendants are: (1) Sector 10, Inc.; (2) Sector 10 Holdings; (3) Pericles DeAvila, Sector 10, Inc.'s, and Sector 10 Holdings' chief executive officer; and (4) Larry Madison, Sector 10, Inc.'s, and Sector 10 Holdings' chief financial officer. Plaintiff alleges Defendants fraudulently induced him to loan money, misappropriated his loan funds into a Ponzi scheme, and never fully repaid him. (Docket No. 51.)

Before the Court is Plaintiff's motion to compel accurate financial information from Sector 10, Inc. and Sector 10 Holdings (the "Sector 10 Defendants"). For the reasons below, the Court **GRANTS** the motion. (Dkt. No. 109.)

## II.     BACKGROUND

The following information comes from Plaintiff's amended complaint, and attachments thereto. (Dkt. No. 51.) In spring 2008, Defendants asked Plaintiff to loan Sector 10, Inc.

$200,000 to finance its telecommunications purchase.  (Dkt. No. 51-1, Ex. A.)  Defendants assured Plaintiff that Sector 10, Inc. could repay his loan by showing Plaintiff financial statements that purported to demonstrate Defendants' financial well-being.  (Id., Ex. B.)

The financial statements, which are from 2007, state they belong to "Sector 10 Holdings."  (Id.)  However, Defendants orally represented to Plaintiff that the statements actually belonged to Sector 10, Inc.  Relevant here, the 2007 financial statements show $12,265,324.21 in total assets, and a $9,176,475 unrealized gain on investments.  (Id.)  However, the statements also show a negative net income from operations of $12,138.63, and a negative gross profit of $2,703.98.  (Id.)

On February 13, 2013, Plaintiff's financial expert, Daniel P. Rinehart ("Rinehart"), reviewed Plaintiff's amended complaint, the loan agreement, the financial statements, and Sector 10, Inc.'s 2007-2012 public filings with the Securities and Exchange Commission ("SEC").  (Dkt. No. 112-2, Ex. B.)  Rinehart confirmed that, while Plaintiff loaned money to Sector 10, Inc., "[t]he financial statements accompanying" his loan agreement related to "Sector 10 Holdings [] and not Sector 10, Inc."  (Id. at 2.)  Indeed, the SEC filings show that Sector 10, Inc. recorded the loan agreement by using its own financial statement, rather than the one provided to Plaintiff.  (Id.)

Additionally, Rinehart opined the Sector 10 Holdings financial statements provided to Plaintiff were "not consistent with accounting principles generally accepted in the United States of America . . . ."  (Dkt. No. 112-2, Ex. B at 3.)  For instance, Sector 10 Holdings, as Sector 10, Inc.'s parent company, improperly failed to consolidate Sector 10, Inc.'s financial results into its own financial statements.  (Id.)  As a result, its financial statements did "not give an accurate picture of its true financial performance."  (Id. at 4.)

Similarly, Rinehart concluded "[t]he financial statements" provided to Plaintiff were "false, fraudulent, and misleading" because they did "not support an unrealized gain of $9,176,475." (Id. at 6.)  Rinehart determined this when he compared Sector 10 Holdings' 2007 statements, which showed it achieved "an unrealized value of $9,176,475" by investing in Sector 10, Inc. shares, with Sector 10, Inc.'s 2007 SEC filings, which showed only $468 in gross profits. (Dkt. No. 112-2, Ex. B at 3-4.)

### III.    STANDARD OF REVIEW FOR MOTION TO COMPEL

If a party fails to provide discovery responses, the party requesting the discovery may move to compel it.  Fed. R. Civ. P. 37(a).

### IV.    ANALYSIS OF PLAINTIFF'S MOTION TO COMPEL

On November 6, 2012, Plaintiff served the Sector 10 Defendants discovery requests. (Dkt. No. 112-1, Ex. A.)  Requests for production ("RFP") Nos. 1 through 4 asked the Sector 10 Defendants to produce: (1) their federal corporate tax returns from April 1, 2008 to the present; and (2) their check registers[1] from April 1, 2008 to March 31, 2009; or alternatively (3) their bank statements and cancelled checks for that period. (Id.)  In January 2013, the Sector 10 Defendants objected to these RFPs. (Id.)  Subsequently, Plaintiff filed this motion to compel. (Dkt. No. 109.)

#### A.  Qualified Privilege Regarding Tax Returns

Parties may not obtain discovery regarding privileged matter. Fed. R. Civ. P. 26(b)(1). The Sector 10 Defendants oppose Plaintiff's motion to compel because they believe their tax returns "are entitled to a qualified privilege." (Dkt. No. 111 at 2.)  However, the Court agrees with

---

[1] Plaintiff clarifies check registers "are a chronological listing of disbursements, usually by check, of a business entity showing date, check number, amount and payee." (Dkt. No. 112 at 3.)

Plaintiff (Dkt. No. 112 at 3), that generally, tax returns are not privileged.  See St. Regis Paper Co. v. United States, 368 U.S. 208, 219 (1961) (noting tax returns "in the hands of the taxpayer are [] subject to discovery."); Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 539 (D. Kan. 2006) ("[N]o absolute privilege exists preventing [] discovery" of tax returns).

### B. Relevance

A party may obtain discovery regarding "any nonprivileged matter" "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Plaintiff claims the discovery sought is relevant to show "the financials given Plaintiff upon which he relied to loan [the Sector 10] [D]efendants money . . . are fraudulent and false when compared with Defendants' actual tax returns and records."  (Dkt. No. 109 at 2.)  Plaintiff further believes the "records may [] disclose a Ponzi scheme on the use of Plaintiff's funds."  (Id.)

#### i. Tax Returns

The Sector 10 Defendants oppose Plaintiff's motion because they feel their tax returns are immaterial where they never overstated their financial condition.  (Dkt. No. 111 at 3.)  Sector 10, Inc., as a development stage company, undisputedly lacked the income to repay Plaintiff.  (Id.)  Similarly, the financial statements provided to Plaintiff "unambiguously show[] that [] Sector 10 Holdings [] operated at a loss . . . ."  (Id.)[2]  They feel their tax returns will simply "confirm the unprofitable operations."  (Id.)

Plaintiff counters that, actual income aside, Defendants induced him to loan to Sector 10, Inc. by fraudulently attributing "substantial value" to it.  (Dkt. No. 112 at 4.)  Therefore, Sector 10, Inc.'s tax returns are relevant to "show [it] did not have a value of $9,176,475" like the financial statements indicate.  (Id. at 5.)

---

[2] The Sector 10 Defendants omit the fact that the financial statements also show Sector 10 Holdings had a $6,598,523.79 net income after taxes.  (Dkt. No. 51-1, Ex. B.)

The Court agrees with Plaintiff. Sector 10, Inc.'s tax returns may corroborate Plaintiff's theory of the case to the extent they are consistent with, and clarify Sector 10 Inc.'s public filings. Similarly, Sector 10 Holdings' tax returns are relevant because Plaintiff cannot rely on the accuracy of the 2007 financial statements regarding Sector 10 Holdings' losses where Rinehart opined the statements contained inconsistencies, and were misleading.

### ii.     Check Registers

The Sector 10 Defendants believe their check registers are irrelevant because Plaintiff cannot "sustain[]" his Ponzi scheme claim where Defendants repaid $140,000 of his loan, and produced a general ledger that shows Sector 10, Inc. properly used Plaintiff's funds for its expenses. (Dkt. No. 111 at 4-5.) Moreover, the Sector 10 Defendants claim their general ledger "serves the same purpose as the check register." (Id. at 4; 111-2, Ex. B.)

Plaintiff counters the Sector 10 Defendants' previously produced discovery is insufficient because it contradicts Rinehart's report. (Dkt. No. 112 at 4.) According to Rinehart, Sector 10, Inc.'s public filings show that Plaintiff's loan "was primarily used to pay salaries to a shareholder/officer of Sector 10, Inc.," and "Sector 10 Holdings (development costs)." (Dkt. No. 112-2, Ex. B at 5.)

Given the alleged contradictions between the Sector 10 Defendants' general ledger, and Sector 10 Inc.'s public filings, the Court finds the previously produced discovery does not serve the same purpose as the check registers. As such, the Sector 10 Defendants' check registers remain relevant to proving Plaintiff's fraud claim.

### C. Privacy Interest in Tax Returns

Notwithstanding relevance, the Sector 10 Defendants claim a "privacy interest" in their tax returns. (Dkt. No. 111 at 2.) They argue providing the returns would subject them to annoyance,

embarrassment, oppression, undue burden, or expense. (Id.)[3] More specifically, they argue the information Plaintiff seeks "is available by other means" where Sector 10, Inc. "is a public company with regular SEC filings . . . . [that] carry the same kind of substance and weight as tax returns." (Id. at 3-4.) See Johnson, 236 F.R.D. at 539 ("[C]ourts do not favor compelling production of tax returns" unless "the returns are relevant," and "there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.").

The Court finds Plaintiff has a compelling need for Sector 10, Inc.'s tax returns, which are relevant as described above, and which may help Plaintiff fill in gaps in Rinehart's report that the SEC filings cannot. For example, Rinehart was troubled by Sector 10 Holdings' $9,176,475 unrealized gain from investing in Sector 10, Inc.'s shares because he could not determine how much the shares cost, or how Sector 10 Holdings originally acquired and recorded the shares. (Dkt. No. 112-2, Ex. B at 3.) Moreover, Rinehart noted the available documents contain "inconsistencies" regarding whether Sector 10, Inc., or Sector 10 Holdings, capitalized development costs. (Id. at 4.)

Similarly, the Court finds Plaintiff has a compelling need for Sector 10 Holdings' tax returns, which are relevant as described above, and not available by other means where, to the Court's knowledge, no Sector 10 Holdings SEC filings exist.

**D. Certification**

Plaintiff cites Fed. R. Civ. P. 33(b)(3) to request that the Sector 10 Defendants certify, under oath, that their January 2013 discovery responses are "truthful, complete and accurate." (Dkt. No. 109 at 2; 112 at 3; 116 at 1.) Fed. R. Civ. P. 33(b)(3) requires a party to answer each

---

[3] The Sector 10 Defendants cite Fed. R. Civ. P. 26(c) for their proposition. (Dkt. No. 111 at 2.) However, the Court notes Fed. R. Civ. P. 26(c) is inapposite where it applies to protective orders, which the Sector 10 Defendants do not seek.

interrogatory "separately and fully in writing under oath" "to the extent it is not objected to." Accordingly, to the extent the Sector 10 Defendants failed to previously comply with Fed. R. Civ. P. 33(b)(3), the Court instructs them to amend their interrogatory responses to reflect the necessary oath.

V.     ORDERS

For the reasons above, the Court issues the following **ORDERS**:

Plaintiff's motion to compel the Sector 10 Defendants to respond to RFP Nos. 1 through 4 is **GRANTED**. (Dkt. No. 109.) Defendants must comply on or before **April 1, 2013**. However, the Court recognizes the sensitive nature of the Sector 10 Defendants' tax returns. Therefore, the parties and their counsel must use the tax returns solely in connection with this case. The tax returns must not be disseminated to third parties other than experts, or other trial witnesses.[4]

Plaintiff's motion to compel the Sector 10 Defendants to certify their interrogatory responses is **GRANTED** as described above. (Dkt. No. 109.)

Dated this 18th day of March, 2013.

Dustin B. Pead
United States Magistrate Judge

---

[4] The parties are welcome to file a motion for a protective order to address any other safeguards they feel are necessary to protect this financial information.