## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| EDWARD JOHNSON,<br><br>     **Plaintiff,**<br>vs.<br><br>SECTOR 10, INC., a corporation,<br>SECTOR 10 HOLDINGS, an unknown<br>business entity; PERICLES DEAVILA,<br>an individual, LARRY MADISON, and<br>individual,<br><br>     **Defendants.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>**Case No.  2:10CV92 DAK** |

This matter is before the court on Plaintiff's Motion for Partial Summary Judgment. A hearing on the motions was held on June 19, 2013.   At the hearing, Plaintiff Edward Johnson was represented by Michael L. Deamer  and Defendants Sector 10, Inc., and Sector 10 Holdings, Inc. (the "Sector 10 Defendants") were represented by Donald L. Dalton.  The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

Plaintiff has moved for partial summary judgment on his First Cause of Action for Breach of the Loan Agreement.  The Sector 10 Defendants oppose the motion, arguing that the calculation of the amount owing is wrong and that their counterclaim damage request exceeds the amount of Plaintiff's contract claim and therefore "prevents" the entry of summary judgment.

Plaintiff has provided undisputed evidence that there was a written loan agreement for $200,000, that he performed under the contract, that there was breach by Sector 10, Inc., and that he suffered damages in the amount of $115,197.95 as of May 1, 2013, with monthly interest accruing at $866.15 per month.[1]

While Defendants contend that the amount owed is $86,615 with accrued interest at six percent–not 12% for all period after June 11, 2009, as claimed by Plaintiff–they have not provided admissible evidence to create a disputed fact regarding the amount.   The Affidavit of Laurence Madison contains a self-serving statement that the parties agreed that the interest on the remaining balance would be six percent and that "it was confirmed in emails between the parties," but the referenced emails were not provided.[2]  In addition, noticeably absent from Mr. Madison's affidavit is any explanation relating to his own contradictory deposition testimony or the other evidence provided by Plaintiff, which includes Mr. Madison's June 5, 2009 Letter to Plaintiff offering the 12% interest amount and also the deposition testimony of Pericles DeAvila.[3] Plaintiff, on the other hand, has provided evidence that in exchange for his willingness to extend the loan repayment date, the interest would increase from 6% to 12% for the period after June 11,

---

[1]  Plaintiff moved for summary judgment against all Defendants, but there is no evidence to support granting summary judgment against the Individual Defendants, Pericles DeAvila or Larry Madison.

[2]  *See* Docket No. 127, Exhibit 1 at 2.

[3]  *See* Docket No. 124, Exhibit 3, Exhibit 5 at pp. 6-7  (deposition testimony of Pericles DeAvila); and Exhibit 6 at pp. 2-3 (deposition testimony of Laurence Madison).

2009.[4]   Therefore, because the Sector 10 Defendants have not disputed that evidence with any admissible evidence, the court grants Plaintiff's motion for partial summary judgment on his First Cause of Action.

Also, while Defendants may have asserted a counterclaim against Plaintiff, that does not prevent entry of partial summary judgment on the breach of contract claim.   Final judgment will not be entered at this juncture, and thus, if Defendants were to prevail on their counterclaim at trial for an amount in excess of contract damage amount found above, the final judgment will so reflect.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment [Docket No. 124] is GRANTED in part and DENIED in part.   The court grants summary judgment on Plaintiff's First Cause of Action (Breach of Contract) against Sector 10, Inc., in the amount of $115,197.95 as of May 1, 2013, with monthly interest accruing at $866.15 per month.   Final judgment will not be entered at this time, as only one claim has been resolved.   A five-day jury trial is set for November 18, 2013 beginning at 8:30 a.m.

DATED this 3rd day of July, 2013.

BY THE COURT:

_____

DALE A. KIMBALL
United States District Judge

---

[4]  *See* Docket No. 124, Exhibit 1 at 3.