IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDWARD JOHNSON,<br><br>            Plaintiff,<br><br>v.<br><br>SECTOR 10, et al.,<br><br>            Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:10-cv-00092-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket No. 123.) Plaintiff is Edward Johnson ("Plaintiff").  Defendants relevant here are Sector 10, Inc., and Sector 10 Holdings (the "Sector 10 Defendants").  Plaintiff filed his original securities fraud complaint against the Sector 10 Defendants on February 8, 2010.  (Dkt. No. 1.)  The Sector 10 Defendants filed their counterclaim on October 19, 2012.  (Dkt. No. 103.)  They counterclaim that Plaintiff intentionally interfered with their economic relations, and misappropriated trade secrets.  (*Id.*)

The Court considers the Sector 10 Defendants' April 9, 2013 motion to compel Plaintiff to produce emails and phone records presumably pertaining to their counterclaim.  (Dkt. No. 123.) For the reasons set forth below, the Court **DENIES** the motion as untimely.[1]

---

[1] Because the Court denies the motion as untimely, it will not address the substantive arguments the Sector 10 Defendants raised in their motion.

## II.     PROCEDURAL BACKGROUND

Magistrate Judge Evelyn J. Furse set the original fact discovery deadline in this matter to October 31, 2012.  (Dkt. No. 74.)  Pursuant thereto, on October 12, 2012, the Sector 10 Defendants served Plaintiff their first document production requests, seeking emails and phone records from 2008 to the present.  (Dkt. No. 123-1.)

On November 1, 2012, District Judge Dale A. Kimball granted the parties' stipulated motion to extend the fact discovery deadline to January 31, 2013.  (Dkt. No. 106.)   Pursuant thereto, on November 14, 2012, Plaintiff served his responses and objections to the Sector 10 Defendants' document production requests.  (Dkt. No. 123-2.)  Plaintiff indicated he either no longer had the emails and phone records, or the emails and phone records belonged to third parties over whom Plaintiff lacked control.  (*Id.*)

The next day, on November 15, 2012, the Sector 10 Defendants emailed Plaintiff because they felt unsatisfied with Plaintiff's responses.  (Dkt. No. 123-4.)  "Given Plaintiff's response[s]," the Sector 10 Defendants told Plaintiff they felt it "necessary" to request the emails directly from the internet service providers ("ISPs").  (*Id.*)  The Sector 10 Defendants told Plaintiff he could make this request by sending the ISPs a "lawful consent," or it could be accomplished "by motion and order."  (*Id.*)

Later on November 15, 2012, Plaintiff responded to the Sector 10 Defendants' email.  (Dkt. No. 123-4.)  Plaintiff refused to give lawful consent.  (*Id.*)  Plaintiff wrote that he "believe[d] [Defendants'] request [was] nonsense . . . ."  (*Id.*)

Prior to April 9, 2013, the Sector 10 Defendants never sought to address Plaintiff's allegedly insufficient document production, or his refusal to supplement the production.  They had the opportunity to do so on January 31, 2013, when they filed a motion to extend the fact discovery

deadline to conduct a deposition. (Dkt. No. 110.) But they chose not to address the document production requests at that time. The Court granted that motion, and gave the Sector 10 Defendants until April 1, 2013 to complete the limited discovery they requested. (Dkt. No. 117.)

### III.     STANDARD OF REVIEW FOR MOTION TO COMPEL

A party may serve another party a request to produce documents "in the responding party's possession, custody, or control . . . ." Fed. R. Civ. P. 34(a)(1). If a party fails to produce requested documents, the requesting party may move to compel their production. Fed. R. Civ. P. 37(a)(3)(B)(iv). While the Federal Rules of Civil Procedure do not set a deadline for such motions to compel, district courts retain the discretion to decide whether a motion to compel "is too tardy to be considered." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012). *See also Norton v. City of Marietta, Okla.*, 432 F.3d 1145, 1156 (10th Cir. 2005) (affirming district court that denied motion to compel because party filed motion "well after the close of discovery and only two days before the pre-trial conference."); *Mollinger-Wilson v. Quizno's Franchise Co.*, No. 04-1131, 2004 WL 2757941, at *3, 6 (10th Cir. Dec. 3, 2004) (unpublished) (finding district court did not abuse its discretion when it denied motion to compel because the party filed it after the discovery deadline passed).

### IV.     ANALYSIS OF SECTOR 10 DEFENDANTS' MOTION TO COMPEL

On April 9, 2013, the Sector 10 Defendants filed this motion to compel Plaintiff to produce the aforementioned emails and phone records. (Dkt. No. 123.) In its opposition thereto, Plaintiff briefly noted that he believed the Sector 10 Defendants filed the motion to compel in an untimely fashion. (Dkt. No. 125 at 5.) This Court ordered the parties to brief the timeliness issue in more detail (Dkt. No. 132), which they did (Dkt. Nos. 135; 137).

### A. Whether Sector 10 Defendants Sufficiently Explained Filing Delay

In their timeliness brief, the Sector 10 Defendants claim they delayed filing their motion to compel until April 9, 2013 so they could comply with this Court's March 18, 2013 decision (Dkt. No. 118) granting Plaintiff's motion to compel. (Dkt. No. 135 at 2-3.) The Court finds this explanation insufficient. The Court fails to see how complying with Plaintiff's unrelated motion to compel caused the Sector 10 Defendants to delay filing their own motion to compel for five months after receiving Plaintiff's allegedly insufficient responses.

### B. Whether, Despite Delay, Sector 10 Defendants Filed Timely Motion

The Sector 10 Defendants argue they filed the April 9, 2013 motion in a timely fashion where they filed it only eight days after the April 1, 2013 discovery extension (Dkt. No. 135 at 3), and only one day before the April 10, 2013 dispositive motions deadline (*id.* at 2).

This Court disagrees with the Sector 10 Defendants' reasoning. The April 10, 2013 dispositive motions deadline does not apply to non-dispositive discovery motions. Similarly, this Court granted a discovery extension until April 1, 2013 for the *limited* purpose of allowing the Sector 10 Defendants to conduct a deposition. At no time did the Sector 10 Defendants request that the Court extend the general January 31, 2013 fact discovery deadline.

### C. Whether Plaintiff Will Suffer Prejudice if Sector 10 Defendants' Motion Granted

Timeliness aside, the Sector 10 Defendants assert that Plaintiff will not be prejudiced by the current motion to compel. (Dkt. No. 135 at 3.) Because District Judge Kimball set the trial in this matter for November 18, 2013,[2] granting the current motion to compel "does not require re-

---

[2] District Judge Kimball set the trial date on June 19, 2013. (Dkt. No. 134.) The Sector 10 Defendants emphasize that they filed their motion to compel prior to this setting, and ask the Court not to hold the "after-the-fact trial setting" against them. (Dkt. No. 135 at 3.) However, the lack of a pending trial date does not give a party free rein to file motions to compel months

opening discovery.  It simply requires Plaintiff's response to the discovery that was timely served."  (*Id.*)

The Court finds the Sector 10 Defendants' prejudice argument "ignores the obligation of the court 'to secure the just, speedy and inexpensive determination of every action.'"  *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621-22 (D. Nev. 1999) (citing Fed. R. Civ. P. 1 to deny motion to compel filed seventy-six days after discovery deadline as prejudicial because "to require additional discovery after the court's decision on [the opposing party's] motion for summary judgment, and on the eve of trial would cause a delay which the court finds inappropriate and unnecessary.").

Similar to *Gault*, in this case District Judge Kimball already ruled on Plaintiff's partial summary judgment motion (Dkt. No. 136), and scheduled the trial to commence in three months (Dkt. No. 134).  Requiring Plaintiff to serve discovery responses at this late stage opens the door to further inappropriate delays.  For instance, the Sector 10 Defendants may use Plaintiff's discovery responses to later request reopening the discovery and/or dispositive motions deadlines.

### D. Whether Imposing Timeliness Requirement for Motions to Compel Hinders Ability to Address Noncompliant Discovery Responses, and Ability to Meet and Confer

The Sector 10 Defendants assert that requiring motions to compel to be filed "before the discovery cut-off" would prevent courts "from addressing non-compliant responses to discovery served at or near the end of the discovery period."  (Dkt. No. 135 at 4.)  Moreover, they are concerned that such a requirement would hinder the parties' abilities to "engage[] in meaningful efforts to resolve the matter[] without Court involvement . . . ."  (*Id.* at 5.)

---

after fact discovery expires.  If it did, the scheduling order for discovery would be rendered meaningless.

The Court reiterates that no "hard-and-fast rule" (Dkt. No.135 at 5) prevents parties from filing motions to compel after the fact discovery deadline.  Rather, district courts retain "discretion" to consider such arguably untimely motions "if the movant offers an acceptable explanation for the motion's tardiness."  *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted).  In this discretionary context, the Sector 10 Defendants' aforementioned concerns are valid.

However, the discretionary concerns the Sector 10 Defendants cite cut against them.  Plaintiff did not serve his responses at or near the discovery deadline.  He served his responses two months before fact discovery closed.  Nothing prevented the Sector 10 Defendants from meeting and conferring with Plaintiff, and filing their motion to compel prior to the fact discovery deadline, or shortly thereafter.  For example, the Sector 10 Defendants never suggest that they waited to file the present motion to compel for five months after receiving Plaintiff's allegedly defective responses because Plaintiff agreed to update his responses.  *Cf. Centennial*, 688 F.3d at 682 (affirming district court's decision to consider party's untimely motion to compel where party filed motion after discovery deadline but explained that it delayed filing it while waiting for opposing party's "voluntary compliance . . . .").  In other words, the Sector 10 Defendants offer no reasonable explanation to justify their delay.

V.   **CONCLUSION**

For the reasons set forth above, the Court exercises its discretion to **DENY** the Sector 10 Defendants' motion to compel as untimely.  (Dkt. No. 123.)

Dated this 15th day of August, 2013.

By the Court:

Dustin B. Pead
United States Magistrate Judge